**Judith RODOLPH, Appellant**
**(Defendant below),**

v.

**P. D. RODOLPH, Appellee (Plaintiff below).**
No. 3472.

Supreme Court of Wyoming.

June 8, 1966.

Robert R. Rose, Jr., and Philip F. O'Neill, Casper, for appellant.

J. F. Mahoney, Casper, for appellee.

Before PARKER, C. J. and HARNSBERGER, GRAY, and McINTYRE, JJ.

PER CURIAM.

Plaintiff alleged that defendant owed $3,550 for personal loans advanced by him to her and her deceased husband (the circumstances of whose death were delineated in Rodolph v. New York Life Insurance Company, Wyo., 412 P.2d 610). Following trial, the court found defendant to be indebted in the sum of $1,000 only plus interest from July 10, 1962, and costs, and entered judgment from which this appeal has been taken.

The record shows that the debt covered by the judgment grows out of a check for $1,000 issued by plaintiff on July 10, 1962, to Bob Mordahl, a water-well driller. Plaintiff's counsel says that evidently, as reflected by the trial judge's inquiries to plaintiff and his comment as to the basis of appellant's obligation, the judge concluded this to have been a necessary expense of the family under § 20–22, W.S. 1957. This may have been the case since

the record discloses no evidence of an obligation growing out of any other relationship; but for the judgment to be supported on the basis of the mentioned statute, it would have been necessary for plaintiff to show that the well was a necessary under the circumstances and conditions of the couple. On that aspect, defendant said that from a well right beyond the kitchen they already had water piped into the house, which had served their domestic purposes for two years; and that they wanted the well on which plaintiff paid the thousand dollars so that they could plant a lawn and flowers and irrigate the front yard. There was no showing that such drilling constituted a necessary expense of the family under the provisions of § 20–22. Since there was no substantial evidence upon which the judgment could be based, it must be reversed.

Reversed.